IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAY ANTHONY WARD, ) | |
|     ID # 633106, ) | |
|        Plaintiff, ) | |
| vs. ) | No. 3:16-CV-3307-N-BH |
| ) | |
| THE STATE OF TEXAS, et al., ) | |
|        Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management. Before the Court is the plaintiff's *Motion for Default Judgement*, received August 25, 2017 (doc. 13). Based on the relevant filings and applicable law, both motions should be **DENIED**.

**I.**

On November 28, 2016, the *pro se* prisoner plaintiff filed this civil rights action against the defendants and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) He was ultimately granted IFP status. (*See* doc. 9.) Because he is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. As noted in the IFP order dated December 20, 2016 (doc. 9), service of process on the defendants has been withheld pending judicial screening as provided by 28 U.S.C. § 1915(e)(2)

and/or 28 U.S.C. § 1915A.

On April 21, 2017, the plaintiff filed a *Declaration for Entry of Default,* seeking entry of default against the defendants for failure to answer the complaint. (*See* doc. 11.) An order dated April 24, 2107, specifically advised that service of process would not be ordered in this IFP case until the judicial screening required by statute was completed. (*See* doc. 12.) The order also specifically stated that because the defendants had not been ordered served, they had not failed to appear, and entry of default was not appropriate. (*Id.*) Nevertheless, the plaintiff now moves for default judgment. (*See* doc. 13.)

**II.**

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default may be entered against a party, as well as the procedure for seeking the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, the defendants have not been ordered served yet, so no default has occurred or been entered. Without a prior entry of default, the plaintiff has no basis for seeking a default judgment. Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic

remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Default judgment is not warranted.

## III.

The plaintiff's motion for default judgment should be **DENIED**.

**SO RECOMMENDED on this 28th day of August, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE