IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAY ANTHONY WARD,<br>    ID # 633106,<br>        Plaintiff,<br>vs.<br><br>THE STATE OF TEXAS, et al.,<br>        Defendants. | )<br>)<br>)<br>)   No. 3:16-CV-3307-N-BH<br>)<br>)<br>)<br>)   Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** with prejudice.

**I. BACKGROUND**

On November 28, 2016, Ray Anthony Ward (Plaintiff) filed this civil rights action under 42 U.S.C. § 1983 against the State of Texas and two former judges of the 194th Judicial District Court in Dallas County, Texas, in both their official and individual capacities. (*See* doc. 3 at 4, 6-7.)[1] He claims that one of the judges sentenced him to ten years probation in Cause No. F85-85691 in 1985 but was not qualified to do so because he did not take the required oath of office until 1987. (*Id.* at 4, 6-8.) Attached to the complaint are copies of the oaths signed by the judge in 1981, 1982, and 1987. (*Id.* at 13-15.) The other judge allegedly tried to cover up the first judge's mistake by falsifying an order modifying the conditions of probation in 1990 to show that he was the original judge who assessed probation. (*Id.* at 4, 8-9, 17.) In 1992, the second judge also sentenced Plaintiff to life in prison "off of that void or voidable probated judgment and sentence," after adding an

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

enhancement paragraph.  (*Id*. at 4, 8-9.)  He seeks a declaration that his rights were violated under the United States Constitution, the Texas Constitution, and the laws of the United States and the State of Texas; an injunction ordering the removal of both judges; monetary damages; punitive damages; expungement of all charges from his record; and release from prison.  (*Id*. at 9-10.)  No process has been issued in this case.

## I.  PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*.  As a prisoner, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## II.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of

2

a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A.   **Habeas Relief**

Plaintiff seeks release from imprisonment. Release is an inappropriate remedy in a § 1983 action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner cannot challenge the fact or duration of confinement in a § 1983 action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Because Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, he fails to state a claim upon which relief may be granted on any claim for release.

B.   **Eleventh Amendment Immunity**

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's suit against the state judges in their official capacities is a suit against the State of Texas. *See Florance v. Buchmeyer,* 500 F. Supp. 2d 618, 638–39 (N.D. Tex. 2007); *see also Thomas v. State*, 294 F. Supp. 2d 576, 592 (N.D. Tex. 2016).

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United

States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal court).

Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983 or 42 U.S.C. § 1985. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hines v. Miss. Dep't of Corr.*, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (per curiam).

Plaintiff's claims against the State of Texas and his claims for monetary damages against the judges in their official capacities are subject to dismissal based on Eleventh Amendment immunity.[2]

---

[2] The Supreme Court has created an exception to Eleventh Amendment immunity for suits for injunctive or declaratory relief against individual state officials. *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citing *Ex parte Young*, 209 U.S. 123, 155–56 (1908)); *see also Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 321–22 (5th Cir. 2008) ("Pursuant to the *Ex Parte Young* exception, the Eleventh Amendment is not a bar to suits for prospective relief against a state employee acting in his official capacity."). Under this exception, "claims against state officials for prospective injunctive relief under § 1983 . . . are not barred by sovereign immunity." *Kobaisy v. Univ. of Miss.*, 624 F. App'x 195, 198 (5th Cir. 2015) (citing *Nelson*, 535 F.3d at 324); *see May v. N. Tex. State Hosp.*, 351 F. App'x 879, 880 (5th Cir. 2009) (citing *Aguilar v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (stating that the *Ex Parte Young* exception "applies to suits that allege a violation of federal law that are 'brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect.'"). Plaintiff's claims for declaratory and injunctive relief are therefore not barred by the Eleventh Amendment.

C.  **Judicial Immunity**

The Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982). Judges are immune from suit for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Allegations of bad faith or malice do not overcome judicial immunity. *Id.* at 11. A plaintiff can overcome the bar of judicial immunity only under two very limited circumstances. *See Mireles*, 502 U.S. at 11–12; *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

First, a judge is not immune from suit for actions that are not "judicial" in nature. *See Mireles*, 502 U.S. at 11. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 222 (5th Cir. 2009) (quoting *Mireles*, 502 U.S. at 12). "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, [a court should] look to the particular act's relation to a general function normally performed by a judge . . . ." *Id*.

> [The Fifth Circuit] has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. These factors are broadly construed in favor of immunity.

*Davis*, 565 F.3d at 222–23 (citations omitted). "The absence of one or more factors will not prevent a determination that judicial immunity applies." *Carter v. Carter*, No. 3:13-CV-2939-D (BF), 2014 WL 803638, at *1 (N.D. Tex. Feb. 20, 2014) (citing *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005)). Second, a judge is not immune from suit for actions that although judicial in nature, are

taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 12; *see also Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).

Because the conduct by the judges of which Plaintiff complains was judicial in nature and was undertaken under the jurisdiction provided to the 194h Judicial District Court, the judges are entitled to absolute immunity from monetary damages claims in their individual capacities. To the extent that Plaintiff's claim regarding the oath of office could be construed as alleging a lack of jurisdiction such that there is no judicial immunity, as discussed below, it is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

**D.** *Heck* **Bar**

In *Heck,* the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). *Heck* applies to claims seeking declaratory and injunctive relief as well as those seeking damages. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) and *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)).

Here, because Plaintiff's claims clearly challenge the validity of his state court conviction, they are barred under *Heck*. He has not demonstrated that his allegedly improper conviction and

incarceration have been reversed, invalidated, or expunged prior to bringing this action under § 1983, so all of his remaining claims for relief against the defendants, including any claims for declaratory and injunctive relief against them in their official capacities, are not cognizable at this time. The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

### III. RECOMMENDATION

Plaintiff's claims against the State of Texas, for habeas relief, and for monetary damages against the judges in their official and individual capacities should be **DISMISSED** with prejudice under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i). His remaining claims against the defendants, including any claims for declaratory and injunctive relief against them in their individual capacities, should be **DISMISSED** with prejudice as frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) until he satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SO RECOMMENDED on this 27th day of February, 2019.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE